IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACKIE SAUER, ) | CV. NO. 07-00291 DAE-BMK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHURCH OF JESUS CHRIST OF ) | |
| LATTER-DAY SAINTS ) | |
| EMPLOYMENT SERVICES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER DENYING APPOINTMENT OF COUNSEL WITH PREJUDICE AND
DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF
FEES WITHOUT PREJUDICE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. On May 29, 2007, Plaintiff Jackie Sauer filed an Application To Proceed Without Prepayment of Fees ("Application") and a Request for Appointment of Counsel Under the Civil Rights Act of 1964 ("Request"). After reviewing Plaintiff's Application and affidavit and Plaintiff's Request, the Court DENIES WITHOUT PREJUDICE Plaintiff's Application and DENIES WITH PREJUDICE Plaintiff's Request.

## STANDARD OF REVIEW

### A. Standard for Application

The court may authorize the commencement or prosecution of any suit "without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1) (2000). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 339 (1948) (internal quotations omitted).

### B. Standard for Request

"The decision to appoint counsel is left to the sound discretion of the district court. . . . 'Three factors are relevant to [a] trial court's determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim.'" Johnson v. U.S. Dep't of the Treasury, 27 F.3d 415, 416-17 (9th Cir. 1994) (quoting Johnson v. U. S. Dep't of the Treasury, 939 F.2d 820, 821 (9th Cir.1991)).

## DISCUSSION

    A. Application

    Based on Plaintiff's Application, Plaintiff has failed to demonstrate that she is unable to pay the costs of her suit. Specifically, she states that she earns $8.00 per hour at Longs Drugs in San Diego and that she has $170.00 in cash or in a checking or savings account. Plaintiff does not specify the number of hours that she works at Longs Drugs. Assuming that she works a full, 40-hour workweek, she should earn roughly $320.00/week, totaling $1,280.00/month before taxes. In Plaintiff's Request, she indicates that she has roughly $676.00/month in expenses for rent and a loan. Because she is single with no dependents, she should take home approximately $604.00 pre-taxes. That along with the $170.00 in her savings indicates that Plaintiff possesses sufficient assets to pay the appropriate fees ands costs associated with the filing of her complaint.

    Because the Court is basing its decision on the assumption that Plaintiff works a 40-hour workweek, as the Court has not been informed otherwise, the Court shall DENY Plaintiff's Application WITHOUT PREJUDICE. Should Plaintiff reapply for in forma pauperis to reflect the actual hours that she works per week, she may do so in a timely manner. The failure to reapply or to pay the requisite filing fee will result in dismissal of this action. See generally In re

Perroton, 958 F.2d 889 (9th Cir. 1992) (affirming dismissal of appeal for failure to pay required filing fees).

    B.  Request

The Court shall consider the three factors outlined in Johnson to determine whether counsel should be appointed to represent Plaintiff. See 27 F.3d at 416-417. First, based on Plaintiff's hourly rate of $8.00 per hour, Plaintiff's financial resources indicate that she is unlikely to be able to retain counsel at an hourly rate, even if she works a 40-hour per week workweek. Thus, this factor weighs in favor of appointing counsel.

Second, Plaintiff indicates that she contacted six attorneys requesting representation in this matter, all of whom apparently declined representation. Plaintiff's inability to obtain counsel may suggest that her claims are not meritorious or merely that she was unable to obtain counsel for financial reasons, among others. Because the Court refrains from speculating as to the reasons why Plaintiff was unable to retain counsel, the Court views this factor as neutral, neither weighing it in favor of nor against Plaintiff.

Third, Plaintiff brings a religion-based claim and a sexual harassment claim against Defendant for allegedly placing her in a hostile and harassing work environment caused by its members. Plaintiff indicates that Defendant "never gave

4

[her] protocol to follow in case of harassment." That suggests either that Defendant did not have administrative remedies in place for Plaintiff to exhaust or that she may not have exhausted her administrative remedies before filing the complaint, thus requiring dismissal. Additionally, the Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Rights to Plaintiff, providing notice that it closed its file on her charge because it was not timely filed with the EEOC. (Complaint, Ex. 4.) Although Plaintiff filed her complaint within 90 days of receipt of that notice, the EEOC's reason for dismissal suggests that Plaintiff's suit may be dismissed for timeliness problems.

Besides possible procedural problems, about which the Court makes no determinations at this time, Plaintiff does not make any specific factual allegations in her complaint that would tend to support her discrimination and harassment claims. Plaintiff alleges no facts that would support her religion-based discrimination claim, and she provides no instances of conduct that legally would rise to the level of hostile or harassing conduct. Accordingly, aside from the procedural hurdles, the Court sees little merit to Plaintiff's claim that would warrant appointment of counsel.

CONCLUSION

For the reasons stated above, the Court DENIES WITHOUT PREJUDICE Plaintiff's Application and DENIES WITH PREJUDICE Plaintiff's Request.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 28, 2007.



David Alan Ezra
United States District Judge

Jackie Sauer vs. Church of Jesus Christ of Latter-day Saints Employment Services, Civil No. 07-00291 DAE-BMK; ORDER DENYING APPOINTMENT OF COUNSEL WITHOUT PREJUDICE AND DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES WITHOUT PREJUDICE